**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     **CRIMINAL ACTION** |
| **v.** | ) |
| | )     **No. 12-20083-14-KHV** |
| **JAMES MICHAEL SODERLING,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the government's Motion For Review Of Release

(Doc. #373) filed August 9, 2012.  On August 21, 2012, the Court held a hearing on the motion.  For

reasons stated below, the Court finds that defendant should be released on conditions pending trial.

**Procedural Background**

A grand jury charged James Soderling and some 34 other defendants with conspiracy to

possess with intent to distribute and to distribute five kilograms or more of a mixture and substance

containing cocaine and 1,000 kilograms or more of marijuana, and with conspiracy to maintain

drug-involved premises in Kansas, Missouri, and California.  Sealed Indictment (Doc. # 192) filed

July 11, 2012, Count 1.  It also charged defendant with seven counts of possession with intent to

distribute marijuana, see id., Counts 26, 28, 67, 77, 84-85, 93, one count of possession with intent

to distribute methamphetamine, see id., Count 27, and one count of use of a communication facility

to facilitate a drug transaction, see id., Count 70.  Under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and

(b)(1)(A)(iii), the conspiracy charged in Count 1 carries a statutory mandatory minimum term of

imprisonment of ten years and a maximum term of life, with a presumption of detention.  See 18

U.S.C. § 3142(e)(3)(A).

On August 9, 2012, United States Magistrate Judge James P. O'Hara ordered defendant released on certain conditions.  The government seeks review of the release order.

## Standard Of Review

The government may seek review of a magistrate judge's order of release.  See 18 U.S.C. § 3145(a)(1). The district court reviews de novo a magistrate's order of release.  See United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The district court must make its own de novo determination of the facts and legal conclusions with no deference to the magistrate judge's findings.  See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002).  A de novo evidentiary hearing, however, is not required.  See id.  The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted.  United States v. Dozal, No. 09-20005-08/12/24-KHV, 2009 WL 873011, at *1 (D. Kan. March 27, 2009) (citing United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991)).  The Federal Rules of Evidence do not apply to detention hearings.  See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3).  The Court may allow the parties to present information by proffer or it may insist on direct testimony.  See 18 U.S.C. § 3142(f).

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  In making this determination, the Court must take into account the available information concerning –

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled

-2-

substance, firearm, explosive, or destructive device;
    (2) the weight of the evidence against the person;
    (3) the history and characteristics of the person, including –
        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
        (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which the Controlled Substances Act, 21 U.S.C. § 801 et seq., prescribes a maximum prison term of ten years or more.  See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) (upon finding of probable cause that defendant committed federal drug offense carrying maximum prison term of ten years or more, rebuttable presumption that no conditions of release will assure defendant's appearance and safety of community).  The complaint charges defendants with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana.  Section 841(b)(1)(A) of the Controlled Substances Act imposes a minimum of 10 years and a maximum of life in prison for offenses involving 1,000 kilograms or more of marijuana, thereby triggering the rebuttable presumption for detention.  United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (grand jury indictment provides probable cause required by statute to trigger presumption); see United States v. Carr, No. 07-40034-JAR, 2007 WL 2253200, at *6 (D. Kan. July 31, 2007).

Once the presumption arises, the burden of production shifts to defendant.  Stricklin, 932

F.2d at 1354.  Defendant's burden of production is not heavy, but defendant must produce some evidence.  Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in particular case).  Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain.  Stricklin, 932 F.2d at 1354.  "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society."  United States v. Holmes, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting United States v. Hare, 837 F.2d 796, 798-99 (5th Cir. 1989)) (footnote omitted).  The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.  Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government).  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  Id. at 1252.

### Analysis

The Court takes judicial notice of and incorporates the Pretrial Services Report for defendant and the record of the proceedings conducted by the magistrate judge.

### I.  Nature And Circumstances Of The Offense

As noted, because defendant is charged with a drug conspiracy which carries a minimum term of 10 years in prison, a rebuttable presumption of detention is triggered.  In addition, defendant

is charged with nine substantive counts involving distribution of marijuana and methamphetamine, and use of a telephone to facilitate a drug transaction. This factor favors detention.

## II.     Weight Of The Evidence

The evidence outlined by the government, which defendant largely does not dispute, suggests that the government has strong evidence that defendant was a participant in the alleged conspiracy and involved in the distribution of marijuana and methamphetamine. This factor favors detention.

## III.    History And Characteristics Of Defendant

Defendant has lived in Lawrence, Kansas for more than 20 years. Defendant currently resides with his wife and their newborn child. Except for a DUI conviction from nearly 20 years ago, defendant has no criminal record. Defendant's family ties to Kansas suggest that he is not a flight risk. In addition, defendant was in Utah (while en route from California to Kansas) when he learned of the warrant for his arrest in this case. Shortly thereafter, he called an attorney in Kansas and notified him that he would self-surrender the next day in Lawrence, Kansas. Although defendant also tried to hide evidence after he learned of the arrest warrant, he did in fact self-report the next day. Defendant's history and characteristics suggest that he would likely follow conditions of pretrial release. On balance, this factor favors release.

## IV.    Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not shown by clear and convincing evidence that defendant would pose a risk of physical danger to the community. With the conditions outlined by the magistrate judge with one

-5-

slight modification outlined below, the Court finds that defendant is not a danger to the community.[1]

Cf. United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will

continue to engage in drug trafficking constitutes danger to community).

## V.    Conclusion

Based upon the indictment, the record before the magistrate judge and the evidence proffered

at the hearing on August 21, 2012, the Court concludes that defendant has rebutted the presumption

that no conditions of release which will ensure the safety of the community.  From the record, it

appears that a combination of conditions of release would reasonably assure defendant's presence

at later proceedings and the safety of other persons and the community.

**IT IS THEREFORE ORDERED** that the government's Motion For Review Of Release

(Doc. #373) filed August 9, 2012 be and hereby is **OVERRULED**.  James Soderling shall be

released pending trial on the conditions set forth in the Order Setting Conditions Of Release (Doc.

---

[1]    Magistrate Judge O'Hara imposed a condition that Mr. Soderling must avoid all contact with co-defendants in this case.  As to his wife, Sarah Soderling, who is also a co-defendant in this case, Magistrate Judge O'Hara found that defendant could have contact with her, but that they could not communicate with each other about the case and that all communications between them shall concern only their newborn child.

At the hearing on the government's motion for review, defendant asked the Court to reconsider the necessity of this condition.  The government has proffered evidence that Ms. Soderling was intimately and jointly involved with her husband in the shipment of large quantities of high grade marijuana and that when her husband was initially taken into custody, Ms. Soderling remotely erased the contents of his cell phone in an apparent effort to destroy evidence of the crimes. In light of this evidence and all the circumstances of this case, the limited contact provision appears to be reasonable.

Defendant also suggests that he should be able to live with his wife while on release.  Judge O'Hara's release order contemplates that defendant will reside in Kansas and that his wife will reside in California.  Accordingly, the Court will modify the condition as to contact with Sara Soderling to clarify as follows: "As to his wife, co-defendant Sara Soderling, defendant may have contact only to communicate about parenting issues involving their newborn child.  Defendant and Sara Soderling shall not communicate about any issues involving this case.  In addition, defendant must maintain a separate residence from Sara Soderling."

#376) filed August 9, 2012, except that Additional Condition 7(g) is modified as follows: "As to his wife, co-defendant Sara Soderling, defendant may have contact only to communicate about parenting issues involving their newborn child.    Defendant and Sara Soderling shall not communicate about any issues involving this case.  In addition, defendant must maintain a separate residence from Sara Soderling."

Dated this 23rd day of August, 2012 at Kansas City, Kansas.

s/ Beth Phillips
BETH PHILLIPS
United States District Judge